UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ------------------------------------------------------- | | |
| IN RE: | ) | Case No.     10-21480 (ASD) |
| | ) | |
| DANIEL J. GROBEN, | ) | Chapter       7 |
| | ) | |
| DEBTOR | ) | |
| ------------------------------------------------------- | | |
| THE WASHINGTON TRUST | ) | |
| COMPANY, | ) | Adv. Pro. No. 10-2181 |
| | ) | |
| PLAINTIFF | ) | Re: ECF No. 34 |
| v. | ) | |
| | ) | |
| DANIEL J. GROBEN, | ) | |
| | ) | |
| DEBTOR-DEFENDANT | ) | |
| ------------------------------------------------------- | | |

## BRIEF MEMORANDUM AND ORDER GRANTING IN PART
## PLAINTIFF'S MOTION FOR SANCTIONS

On June 16, 2011, following proper notice, the Court held a hearing (hereafter, the "Hearing "), upon the *Plaintiff's Motion for Sanctions* (hereafter, the "Motion"), ECF No. 34, and the Debtor-Defendant's *Objection to Plaintiff's Motion for Sanctions* (hereafter, the "Objection"), ECF No. 37.

The Motion requests relief pursuant to and in accordance with Fed. R. Civ. P. 37(b)(2)(A)(i)(designation of facts as established), (ii) preclusion of evidence) & (vi) entry of default judgment), entry of a judgment of nondischargeability of debt, contempt for failure to obey a Court approved stipulation, and monetary sanctions for unnecessary fees and expenses (against the Defendant and his attorney) incurred as the result of the Debtor's failure to appear at a continued deposition, and a related failure to produce

certain documents (hereafter, the "Demanded Documents").

In the Objection and at the Hearing the Debtor and his counsel concede that "[the Debtor] agreed to appear for a continued deposition on May 26, 2011", but represent that "he was unable to secure a flight from the [his] home in Tennessee . . . Objection, ¶1&2". The Debtor further concedes that "[i]n the past, [he] has been unresponsive . . . to emails or telephone calls for considerable periods of time, sometimes even weeks." Id. ¶ 8. Nevertheless he now represents he will appear at a rescheduled deposition, and that in the future he will be responsive "to avoid these issues in the future" Id. At the Hearing counsel for the Debtor also conceded that his client failed to appear at the continued deposition and did not produce certain of the Demanded Documents,[1] but argued that sanctions, if imposed, should be limited to $1000.00 for fees ands expenses expended unnecessarily.

Having considered the Motion, the Objection, other relevant files and records of this proceeding, and the arguments and representations of counsel at the Hearing,

**IT IS HEREBY ORDERED** that to the extent the Motion seeks an order requiring the Debtor to pay the Movant's attorney's reasonable fees and expenses resulting from the Debtor's failure to appear at the continued deposition and his failure to produce the

---

[1]With regard to certain Demanded Documents the Objection asserts:

". . . at first [the Debtor] thought he turned them over to undersigned counsel's office, though after a thorough search, it is clear that is not accurate. Defendant then believed he turned them over to the Trustee, though it appears based on the representation of the Plaintiff's counsel that the records were not turned over to the Trustee. Defendant simply does not know where the paper copies are, but will cooperate in any way possible in obtaining new records from the banks".

Objection ¶ 6.

Demanded Documents, the Motion is **GRANTED** – on or before <u>July 8, 2011</u>, the Debtor

shall pay to Michael P.  Berman, Esq., Berman and Sable LLC, 100 Pearl Street, 4th Floor,

Hartford, Connecticut 06103 the sum of $1000.00 in good funds, and

      **IT IS FURTHER ORDERED**  that to the extent the Motion seeks an order requiring

the *Debtor's attorney* to pay the Movant's attorney's reasonable fees and expenses

reasonable fees and expenses, the Motion is **DENIED**, and

      **IT IS FURTHER ORDERED** that in all other respects the Motion is **DENIED** *without*

*prejudice* should the the Debtor purposely or intentionally fail (i) to appear at a

rescheduled deposition and/or (ii) to produce any Demanded Document in his possession,

custody or control.

      Dated: June 20, 2011                          BY THE COURT

                                            Albert S. Dabrowski
                                 **United States Bankruptcy Judge**